# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

JANE DOE (T.W.), AN INDIVIDUAL,

    Plaintiff,

v.

WYNDHAM HOTELS AND RESORTS, INC., et al.,

    Defendants.

Case No. 5:24-CV-00008-BJB

### DEFENDANT WYNDHAM HOTELS & RESORTS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Defendants Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC and Super 8 Worldwide, Inc. (collective, the "Wyndham Defendants") submit this response in opposition to Plaintiff's Motion to Proceed under Pseudonym and for Protective Order ("Motion"), ECF No. 57.

## I. PRELIMINARY STATEMENT

Plaintiff alleges that she was trafficked by an individual identified in her Complaint as Bobby Ward from 2011 through 2014. ECF No. 1, ¶ 30.[1] Plaintiff seeks permission to proceed by pseudonym in public, pretrial filings with the Court. The Wyndham Defendants consent to Plaintiff's request to proceed by pseudonym without prejudice to their right to oppose any request to proceed by pseudonym at trial, but the Wyndham Defendants oppose Plaintiff's request for protections regarding the use of identifying information in discovery or to investigate her allegations insofar as they will hinder their right and ability to defend this matter and are not based

---

[1] In her Motion, Plaintiff asserts that she was a minor when she was trafficked (ECF No. 57 at 1), but there are no allegations in the Complaint, such as her date of birth, to support this assertion.

on a showing of good cause. That portion of Plaintiff's Motion should be denied because Plaintiff has refused to provide a factual basis for the extraordinary relief she is seeking. For example, Plaintiff seeks to prohibit the disclosure of her name, aliases, and likeness to any potential witness unless that person first signs a Non-Disclosure Agreement ("NDA") subjecting themselves to the Court's jurisdiction. The Wyndham Defendants understand that some information related to Plaintiff's alleged trafficking and her identity may be sensitive, such as her current address and contact information, but the Wyndham Defendants respectfully suggest that there be a delineation between information that poses a safety risk and other information that is necessary for Defendants to investigate and defend this lawsuit.

## II.     LEGAL STANDARD

Under Rule 26 of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1)(G). "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). Good cause exists when the moving party "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought." *Id.* Mere speculation or unsubstantiated fears of prejudice are insufficient to justify the imposition of a protective order burdening a party's trial preparation. *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550-551 (6th Cir. 2004); *see also In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013) ("mere conclusory statements" are not sufficient to establish good cause for a protective order).

Rule 26 affords the Court with broad discretion to grant or deny protective orders. *See Parker & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). Because entry of a protective order is contrary to the basic policy in favor of broad discovery, the party that seeks a

2

protective order has a heavy burden to show substantial justification for withholding information from the public. *See Williams v. Baptist Healthcare Sys., Inc.*, No. 3:16-cv-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018); *see also, Proctor & Gamble Co.*, 78 F.3d at 227 ("While District Courts have the discretion to issue protective orders, that discretion is limited by the careful dictates of Fed. R. Civ. P. 26 and is circumscribed by a long-established legal tradition which values public access to court proceedings."); *Meyer Goldberg, Inc. of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 162 (6th Cir. 1987) ("As a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying public access to the proceedings."). This Court has increasingly scrutinized motions for protective orders that do not make the necessary showing of good cause required by Rule 26 and case authority. *See Global Hemp Inc. v. Indus. Hemp Solutions LLC,* No. 5:20-cv-00012-TBR-LLK, 2020 WL 12846562, at *1 (W.D. Ky. Oct. 6, 2020) (collecting cases).

### III.  ARGUMENT AND AUTHORITIES

**A.   The Wyndham Defendants do not object to Plaintiff proceeding by pseudonym for purposes of pre-trial public filings.**

The Federal Rules of Civil Procedure require that actions generally be brought in the name of the real party in interest. FED. R. CIV. P. 10(a), 17(a)(1). "In exceptional cases, the Court may grant a protective order allowing a plaintiff to litigate under a pseudonym." *Doe v. Univ. of Louisville*, No. 3:17-cv-00638-RGJ, 2018 WL 3313019, *2 (W.D. Ky. July 5, 2018). Whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy" is one of several factors courts consider. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). But this factor is not dispositive, and courts have denied motions to proceed pseudonymously in cases involving victims of sexual assault or sexual harassment. *See, e.g., K.R.B. v. Elizabethtown Indep. Sch. Dist.*, No. 3:17-CV-00605-GNS, 2017 WL 11483915, *1 (W.D. Ky. Dec. 7, 2017) (denying

3

motion by alleged victims of child pornography scheme because "they have chosen to file a civil complaint for damages as adults, [so] their concerns do not substantially outweigh the presumption of open judicial proceedings"); *Doe v. Webster Cnty.,* No. 4:21-CV-00093-JHM, 2022 WL 124678, *3 (W.D. Ky. Jan. 12, 2022) (denying motion even though complaint detailed numerous instances of harassment, intimidation, violence, and sexual abuse and court found plaintiffs would be required to disclose "extremely private information" in pursuing their claims).

Courts also must "consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). Accordingly, even on the rare occasions where a plaintiff makes the requisite factual showings for proceeding by pseudonym in public filings, courts take measures to ensure that defendants "are not barred from conducting a **full range** of discovery in building a defense for trial" to minimize prejudice to the defendants. *Plaintiff B v. Francis*, 631 F.3d 1310, 1319-19 (11th Cir. 2011) (emphasis added); *see, e.g., Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001) (directing entry of a protective order requiring plaintiff to disclose her name to defendants "for discovery purposes" on sole condition that they not disclose it "to the general public" as a "reasonable way to reconcile the competing interests" between plaintiff's concerns for her safety and privacy and defendant's need for discovery); *Doe v. Evans*, 202 F.R.D. 173, 176 n.12 (E.D. Pa. 2001) (granting plaintiff's motion to proceed by pseudonym but denying the motion for protective order concerning the plaintiff's identity with provisions that could impede defendants' ability to conduct discovery); *Doe v. De Amigos, LLC*, No. 11-1755 (ABJ), 2012 WL 13047579, at *3 (D.D.C. Apr. 30, 2012) (allowing plaintiff to proceed anonymously in public filings, noting however that "defendants will not be barred from revealing plaintiff's identity during discovery").

In this case, Plaintiff relies solely on the argument of counsel in support of her motion to proceed by pseudonym. Nonetheless, the Wyndham Defendants do not oppose Plaintiff's request to proceed by pseudonym for purposes of pre-trial public filings, provided that the Wyndham Defendants have the right to seek to modify such procedure for purposes of trial and, as explained below, that the Wyndham Defendants have a fair opportunity to investigate and defend against Plaintiff's allegations.

B.  **Plaintiff's proposed restrictions on the disclosure of her identity to Non-Parties will unduly impede the Wyndham Defendants' ability to defend themselves.**

The Wyndham Defendants also do not oppose reasonable limits on the use of Plaintiff's identity, but the restrictions Plaintiff requests are not reasonable. Plaintiff's proposed order prohibits the disclosure of Plaintiff's identity "whether orally or via a document" to "[a]ny potential, anticipated, or actual fact witness (with the exception of Plaintiff's trafficker and their known associates), and their counsel" unless "such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A" to the proposed order.[2] ECF No. 57-1, ¶ 12(a). This restriction would require convincing each and every potential witness to sign an NDA before the Wyndham Defendants may ask whether the person recognizes Plaintiff or is familiar with her name or any aliases she may have used. Many individuals are reluctant to sign NDAs or other official court documents presented by an unfamiliar attorney. This is why another District Court to consider this issue concluded that "requiring the written agreement of potential witnesses before any disclosures can be made would ***significantly hamper*** defendants' ability to investigate." *S.Y. v. Choice Hotels Int'l, Inc.,* No. 2:20-cv-118-JES-MRM, 2021 WL 4167677, at *5 (M.D. Fla. Sep.

---

[2] The Non-Disclosure Agreement ("NDA") annexed as Exhibit A to Plaintiff's proposed order states that persons signing the NDA will be subject to "the jurisdiction of the United States District Court for the Southern District of Ohio." ECF No. 57-1 at 14. The Wyndham Defendants assume this was intended to refer to the United States District Court for the Western District of Kentucky and have made this change in their Proposed Protective Order attached hereto as **Exhibit A**.

5

14, 2021) (emphasis added); *see also H.H. v. G6 Hosp., LLC*, No. 2:19-cv-00755, 2020 WL 5417559, at *4 (S.D. Ohio Sept. 10, 2020) (denying plaintiff's motion to modify protective order to require that individuals sign acknowledgment and agreement to be bound before disclosure of plaintiff's identity because plaintiff failed to establish good cause for modification).

Moreover, Plaintiff has not shown that disclosure of her name, aliases, and/or likeness to every potential witness (without reference to her alleged trafficking) would subject her to harm. Still, the Wyndham Defendants are willing to agree to a reasonable NDA that protect Plaintiff's safety and privacy, but fairly balances those interests against the Wyndham Defendants' right to defend themselves in court. For example, the Wyndham Defendants should be able to disclose Plaintiff's name, alias, and/or likeness to a potential witnesses before the witness signs the NDA to first determine whether the person has any potentially relevant information. The disclosure of such public information would not result in the "dissemination of highly sensitive and deeply personal information" or subject Plaintiff "to mental distress, an increased risk of stigma and represent a danger to T. W. and her family," as Plaintiff argues. ECF No. 57 at 10. This is particularly true in this situation because Plaintiff has publicly disclosed her trafficker. *See* ECF No. 1, ¶ 30.

Again, the Wyndham Defendants understand that some information related to Plaintiff's alleged trafficking is private and should be subject to the NDA, but Plaintiff should be required to describe that information with more specificity. In Plaintiff's proposed order, "Plaintiff's True Identity" is defined as "Plaintiff's name, alias names used at any time, Plaintiff's date of birth, or other information that could be used to identify Plaintiff." ECF No. 57-1, ¶ 4.[3] The phrase "other

---

[3] In her Motion, Plaintiff provides a different definition that is not found in her proposed protective order. ECF No. 57 at 2 n.1. The Wyndham Defendants' proposed revisions to Plaintiff's protective

6

information that could be used to identify Plaintiff" is vague, and Plaintiff has not shown why her name and aliases need to be protected from disclosure to potential witnesses. Plaintiff also has failed to advise the Court whether she has commented publicly about her alleged trafficking. While such circumstances do not mean Plaintiff is not entitled to any reasonable protections, it is relevant to evaluating what information is reasonably subject to the NDA.

The NDA requirement is also unworkable for witnesses who know Plaintiff, such as her friends and family members who may have information relevant to the claims or defenses in this action. It is not clear how persons who know Plaintiff personally could agree to an NDA that would prohibit them from disclosing Plaintiff's name outside of this litigation. Yet, that is precisely what Plaintiff's proposed protective order would require.

To remedy the unworkable restrictions in Plaintiff's proposed protective order, the Wyndham Defendants request that the Court allow disclosure of "Plaintiff's True Identity" to "[a]ny potential, anticipated, or actual fact witness (with the exception of Plaintiff's trafficker and their known associates), and their counsel, who counsel for a Party in good faith believes may possess discoverable information (i.e., information which may lead to the discovery of admissible information) related to Plaintiff's claims and/or the Defendants' defenses thereto, provided that any such person may not retain any documents containing Plaintiff's True Identity and that Plaintiff's and Plaintiff's family's physical location will never be disclosed to any such person." *See* **Exhibit A**, ¶ 12(a). The Wyndham Defendants further request that Plaintiff provide representations in the protective order concerning the non-public nature of her trafficking allegations to demonstrate good cause for restricting the disclosure of her identity to potential

---

order incorporate the definition from Plaintiff's Motion into the protective order and include additional clarifying edits. *See* **Exhibit A**, ¶ 4.

7

witnesses and to provide a mechanism for lifting those restrictions should Plaintiff make the allegations public. *See id.* ¶ 26.

**C.     The restrictions on contacting Plaintiff's alleged trafficker or his associates should be limited to individuals Plaintiff identifies.**

Plaintiff's proposed order would require the Wyndham Defendants to provide 30-day notice to Plaintiff before they contact Plaintiff's alleged trafficker and/or the trafficker's known associates. ECF No. 57-1, ¶ 12(c). Plaintiff's request ignores the fact that the trafficker is identified in the Complaint. *See* ECF No. 1, ¶ 30. Nevertheless, the Wyndham Defendants are not opposed to providing notice before contacting Plaintiff's alleged trafficker or other individuals ***whom Plaintiff has identified*** as alleged traffickers or their associates or whom Plaintiff demonstrates pose a risk to her well-being. *See* **Exhibit A**, ¶ 12(c). Plaintiff's approach, however, places no burden on Plaintiff to identify and demonstrate good cause as to why such individuals should be included. Other courts have addressed this issue by limiting this restriction to traffickers and associates identified by the plaintiff. *See, e.g., S.C. v. Wyndham Hotels & Resorts, Inc.,* No. 1:23-cv-00871, 2023 WL 6290688, at *3 (N.D. Ohio Sept. 27, 2023) (requiring notice of disclosure to "Plaintiff's Alleged Trafficker(s) and their counsel," where "Plaintiff's Alleged Trafficker(s)" was defined as "individual(s) Plaintiff identifies in good faith as having engaged in sex trafficking Plaintiff"); *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-cv-00155-WHO, 2021 WL 1146406, at *5 (N.D. Cal. Mar. 4, 2021) (requiring notice of disclosure to "Plaintiff's alleged trafficker(s) or their known associates"); *M.L. v. Craigslist Inc.*, No. C19-6153 BHS-TLF, 2020 WL 5701835, at *2 (W.D. Wash. Sept. 24, 2020) (requiring notice of disclosure to "plaintiff's known trafficker(s) or plaintiff's traffickers' known affiliate(s) and their counsel").

## IV. CONCLUSION

For these reasons, the Wyndham Defendants respectfully request the Court adopt the revised version of Plaintiff's proposed protective order attached hereto as **Exhibit A**.[4]

Date: October 10, 2024

By: /s/ *Justin S. Fowles*
Justin S. Fowles
Allison W. Weyand
**FROST BROWN TODD LLP**
400 W. Market Street, 32nd Floor
Louisville, KY 40202
T: 502.589.5400 | Fax: 502.581.1087
jfowles@fbtlaw.com
aweyand@fbtlaw.com

David S. Sager (*pro hac vice*)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway, Suite 120
Short Hills, New Jersey 07078
T: 973.520.2570 | Fax: 973.520.2551
david.sager@us.dlapiper.com

Susan N. Acquista (*pro hac vice*)
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, California 92121
T: 858.677.1400 | Fax: 858.677.1401
Susan.acquista@us.dlapiper.com

*Attorneys for Defendants*
*Wyndham Hotels & Resorts, Inc.,*
*Wyndham Hotel Group, LLC, and*
*Super 8 Worldwide, Inc.*

---

[4] In addition to the proposed revisions discussed above, **Exhibit A** includes minor clarifying edits to the provisions defining "Confidential" information (¶ 2) and "Attorneys' Eyes Only" information (¶ 3), restricting the disclosure of "Attorneys' Eyes Only" information (¶ 9) and "Plaintiff's True Identity" to government agencies and agency personnel (¶ 12(b)), and governing the use of Protected Material in filings where a motion to seal is denied (¶ 17).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via the Court's CM/ECF System this 10th day of October, 2024 which will send copies to all registered users. I also certify that a true and correct copy of the foregoing was served via electronic mail and/or U.S. Mail this 10th day of October, 2024 to the following:

VHGI Inc. and VHGI Franchising Inc.
Bernard T. Moyle
10800 West Sample Road
Coral Springs, FL 33065

VHGI Franchising Inc.
Judith A. Jarvis
3300 North University Drive, Suite 500
Coral Springs, FL 33065

/s/ *Justin S. Fowles*
Justin S. Fowles

*Attorneys for Defendants*
*Wyndham Hotels & Resorts, Inc.,*
*Wyndham Hotel Group, LLC, and*
*Super 8 Worldwide, Inc.*

0151971.0782473   4860-2368-5101v1