UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JANE DOE (T.W.), an individual,

                Plaintiff,

v.                                                                                                                  Case No. 5:24-cv-0008-BJB

WYNDHAM HOTELS AND RESORTS, INC., et al.

                Defendants.

### MATA PITA, INC. D/B/A AMERICA'S BEST VALUE INN'S RENEWED /SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, Mata Pita, Inc. D/B/A America's Best Value Inn ("Mata Pita"), by counsel, reiterates and incorporates herein by reference its Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint filed with this Honorable Court on April 15, 2024, and provides the following Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**I.**     **INTRODUCTION**

Plaintiff's claim in the Amended Complaint against Mata Pita arises from her allegations that she was the victim of sex trafficking between the years of 2011 and 2014 at the America's Best Value Inn, a hotel located in Paducah, Kentucky, for which Mata Pita was the franchisee. Plaintiff has yet again asserted that Mata Pita was a perpetrator under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. Section 1595(a). Plaintiff has also alleged beneficiary liability against Mata Pita as a participant in the sex trafficking enterprise.

Plaintiff's Amended Complaint against Mata Pita should be dismissed because she again failed to plausibly allege that Mata Pita participated in a common sex trafficking enterprise or

1

undertaking with her sex trafficker. Additionally, Plaintiff's claims against Mata Pita occurring prior to January 16, 2014, are barred by TVPRA's statute of limitations.

## II. CLAIMS AGAINST MATA PITA

Plaintiff's Amended Complaint alleges that Mata Pita, as a franchisee, managed the Paducah America's Best Value Inn ("Paducah ABV Inn") where she was trafficked by Bobby Ward. The Amended Complaint further alleges that Mata Pita hotel staff and management observed the activities associated with Plaintiff's trafficking. It is further alleged that Mata Pita facilitated trafficking at Paducah ABV Inn by renting rooms to the trafficker, providing internet services for her trafficker to advertise Plaintiff for commercial sex, and operated the hotel in a way that gave Plaintiff's trafficker the impression that he could operate without risk of interference or disruption. (Am. Compl. at ¶¶ 172-188).

## III. LEGAL ARGUMENT

### A. The Complaint fails to allege that Mata Pita participated in a TVPRA venture with Plaintiff's trafficker.

Plaintiff's claim against Mata Pita for a violation of the TVPRA requires that she plausibly allege that Mata Pita (1) knowingly benefited (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that the undertaking or enterprise violated the TVPRA as to the Plaintiff, and (4) that Mata Pita had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to Plaintiff." Doe 1 v. Red Roof Inns, Inc., 21 F.4th 714, 719 (11th Cir. 2021) ("Red Roof"); L.H. v. Red Roof Inn., Inc., No. 3:22-CV-625, 2023 WL 5725574 (W.D. Ky. Sept 5, 2023).

In *Red Roof,* the Eleventh Circuit emphasized the requirement to plead allegations specific to the plaintiff. *Id. at* 726; L.H., 2023 WL 5725574, at *11 (W.D. Ky. Sept. 5, 2023) ("[Plaintiff] has alleged facts specific to her own sex trafficking[.]"). However, Plaintiff's Amended

2

Complaint lacks any allegations suggesting that Mata Pita knew of or participated in a venture with Plaintiff's trafficker(s) and should be dismissed.

The Eleventh Circuit recently upheld the dismissal of a Complaint against a hotel owner because the Complaint failed to plausibly allege that the hotel participated with the sex trafficker in the sex trafficking enterprise. K.H. v. RITI, INC., 2024 WL 505063 (11th Cir. 2024)("RITI").

Ultimately, the District Court dismissed K.H.'s Complaint against Riti alleging a violation of the civil beneficiary provision of the TVPRA. The Court held that K.H. had failed to allege a necessary element of her claim, that Riti took part in a common undertaking or enterprise with the sex trafficker of K.H. On appeal, the Court upheld the dismissal, and emphasized that financial benefit alone is insufficient to establish that a defendant participated in a sex trafficking operation, and that observing signs of sex trafficking "is not the same as participating in it." Id. at 3 (citing Red Roof).

Plaintiff's Amended Complaint, just as in her original Complaint, and the those in Red Roof and RITI, fails to plausibly allege that Mata Pita participated in a sex trafficking undertaking or enterprise with Plaintiff's sex trafficker. In particular to the Amended Complaint, Plaintiff asserted, under a section she entitled "Facts Specific to the Paducah ABV Inn" thirty-five (35) allegations regarding trafficking activity at Paducah ABV Inn. (Am. Compl. ¶¶ 137-171). In reality, the allegations are "facts" as recalled by Plaintiff regarding her trafficker's behaviors and her interaction with her trafficker amount to nothing more than opinion, speculation, and conjecture and do not plausibly allege that Mata Pita participated in a sex trafficking enterprise/venture with Plaintiff's trafficker. Therefore, the allegations are insufficient under the TVPRA and as such, Plaintiff's Amended Complaint should be dismissed.

### B. The Amended Complaint fails to allege that Mata Pita had actual or constructive knowledge that Plaintiff was the victim of a sex trafficking venture at its hotel.

Another element of the TVPRA requires Plaintiff to allege facts supporting a plausible inference that Mata Pita "knew or should have known" the venture in which it participated committed sex trafficking crimes against Plaintiff. See Red Roof, 21 F.4th at 723. Plaintiff's Amended Complaint again seeks to satisfy the requirement with reiterated allegations of general knowledge about widespread trafficking in the hotel/hospitality industry and throughout the United States and assertion of facts from which an inference could be drawn that Mata Pita had actual or constructive knowledge of sex trafficking at the Paducah ABV Inn. (See e.g., Am. Compl. ¶¶ 237 – 239, 257). Such allegations are deficient.

General knowledge about sex trafficking in the hotel industry or about unrelated commercial sex activity in the hospitality industry cannot satisfy the "knew or should have known" requirement. See, e.g., Red Roof, 21 F.4th at 725 ("[T]he defendant must have either actual or constructive knowledge that the venture—**in which it voluntarily participated and from which it knowingly benefited**—violated the TVPRA as to the plaintiff." (emphasis added)); A.B. v. Hilton Worldwide Holdings Inc., 484 F. Supp. 3d 921, 938 (D. Or. 2020) ("General knowledge of commercial sex activity occurring at hotels across the United States is insufficient...").

The TVPRA only permits liability where a defendant has actual or constructive notice that the specific trafficking venture in which they participated, trafficked a particular plaintiff. Red Roof, 21 F.4th at 725. In the Amended Complaint, Plaintiff has not plausibly alleged facts that Mata Pita had actual or constructive knowledge that a sex trafficking venture involving Plaintiff occurred at the Paducah ABV Inn during the time in question, or that Mata Pita

4

participated in the sex trafficking of Plaintiff. Simply renting a room to a repeat customer, who pays for said room in cash, in no way suggests that Mata Pita knew, or should have known that Plaintiff's trafficker was in fact a trafficker and that Plaintiff was being trafficked. In short, Plaintiff's repackaged allegations fail to plausibly allege facts from which a jury could infer, without resort to guess or wild speculation, that Mata Pita knew or was constructively on notice that Bobby Ward was a sex trafficker who was involved in the trafficking of Plaintiff. As such, Plaintiff's Amended Complaint against Mata Pita should be dismissed.

    **C.    Plaintiff's claims occurring before January 16, 2014, are time-barred by the TVPRA.**

Finally, it is important to note that in Plaintiff's Complaint the heart of the allegations and averments asserted under the Tolling Of Limitations section (Compl. ¶¶ 238 – 241) are identical to the allegations and averments asserted in Plaintiff's Amended Complaint under the Tolling of Limitations section (Am. Compl. ¶¶ 333-336). Therefore, for the sake of brevity, Mata Pita reiterates and incorporates herein by reference its previous argument regarding the statute of limitations defense as provided for in the TVPRA and asserts said defense herein.

In addition, Mata Pita reiterates and incorporates herein by reference its arguments regarding the doctrine of equitable tolling of the statute of limitations and its argument in response to the assertion of the continuing negligence theory. As such, Plaintiff's claims occurring before January 16, 2014, are time-barred and should be dismissed.

    **IV.    CONCLUSION**

Based on the foregoing, Mata Pita respectfully requests that Plaintiff's Amended Complaint be dismissed, with prejudice, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted:

WATERS, TYLER,
HOFMANN & SCOTT, LLC

/s/ Scott L. Tyler
Scott L. Tyler, Atty. #84474
Kimberly M. Maraman, Atty. # 90446
1947 E. Spring Street
New Albany, IN  47150
T. (812) 949-1114
F. (812) 949-2189
styler@wthslaw.com
kmaraman@wthslaw.com
*Counsel for Defendant,*
*Mata Pita, Inc., D/B/A America's Best Value Inn*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 4, 2025 copy of the foregoing Motion to Dismiss was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Guy G. Fisher
        Bryan O. Blevins, Jr.
        Provost Umphrey Law Firm, LLP
        350 Pine Street, Ste. 1100
        Beaumont, TX 77701
        gfisher@pulf.com
        bblevins@pulf.com
        *Counsel for Plaintiff*

        Michael W. Hamilton
        Provost Umphrey Law Firm, LLP
        4205 Hillsboro Pike, Suite 303
        Nashville, TN 37215
        mhamilton@pulf.com
        *Counsel for Plaintiff*

        Annie McAdams
        ANNIE MCADAMS, PC
        1150 Bissonnet Street
        Houston, TX 77005
        annie@mcadamspc.com
        *Counsel for Plaintiff*

        E. Douglas Richards
        401 Lewis Hargett Circle, Suite 210
        Lexington, KY 40503
        edr@richardslawky.com
        *Counsel for Plaintiff*

        Justin S. Fowles
        Allison W. Weyand
        FROST BROWN TODD, LLP
        400 West Market Street, Suite 3200
        Louisville, KY 40202-3363
        jfowles@fbtlaw.com
        aweyand@fbtlaw.com
        *Counsel for Wyndham Hotels and*
        *Resorts, Inc., Wyndham Hotel Group, LLC and*
        *Super 8 Worldwide, Inc.*

David S. Sager
Susan N. Acquista
DLA Piper, LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ  07078-2704
David.sager@us.dlapiper.com
Susan.acquista@us.dlapiper.com
*Counsel for Wyndham Hotels and Resorts, Inc., Wyndham Hotel Group, LLC and Super 8 Worldwide, Inc.*

Benjamin C. Struby
LATHROP GPM, LLP
2345 Grand Blvd., Suite 2200
Kansas City,, MO  64108
Benjamin.struby@lathropgpm.com
*Counsel for Red Lion Hotels Corporation and Sonesta International Hotels Corporation*

Maisa J. Frank
Eric L. Yaffe
Lathrop GPM, LLP
600 New Hampshire Avenue – Suite 700
Washington DC  20037
Maisa.frank@lathropgpm.com
Eric.yaffe@lathropgpm.com
*Counsel for Red Lion Hotels Corporation and Sonesta International Hotels Corporation*

VHGI, Inc.
VHGI Franchising, Inc.
Bernard T. Moyle
10800 West Sample Road
Coral Springs, FL  33065

KY Motel, Inc.
Sunal P. Patel
1500 Bradford Lane
Carbondale, IL  62902

VIDHI, LLC,
c/o  James Konis
907 Paris Road
Mayfield KY 42066

/s/ Scott L. Tyler
Scott L. Tyler

WATERS, TYLER,
HOFMANN & SCOTT, LLC
1947 E. Spring Street
New Albany, IN  47150
T. (812) 949-1114
F. (812) 949-2189