**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

JANE DOE                                                    PLAINTIFF

    v.                                                    No. 5:24-cv-8-BJB

WYNDHAM HOTELS & RESORTS, INC.,                            DEFENDANTS
ET AL.

\* \* \* \* \*

### MEMORANDUM OF HEARING & ORDER

The Court held a remote hearing on March 25, 2026, regarding the motions to dismiss pending in this case.  All the parties for which counsel have entered an appearance participated in the hearing.  Becky Boyd took down the proceedings as the Court's reporter.

Based on the parties' thorough briefing and the discussion on the record, the Court concluded that Doe has plausibly alleged civil liability under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a), on the part of Mata Pita, a hotel-franchisee Defendant.  The same appears to be true for Vidhi LLC and Ky. Motel Inc.  But because neither of these parties has appeared through counsel or filed a responsive pleading, no motions with respect to their potential liabilities were at issue.

With respect to the franchisor Defendants—Wyndham Hotels & Resorts, Inc.; Wyndham Hotel Group, LLC; Super 8 Worldwide, Inc.; Sonesta International Hotels Corp.; and Red Lion Hotels Corp.—the Court granted their motions to dismiss.  Doe's allegations of knowledge and vicarious liability did not "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

So, as explained on the record, the Court denied Mata Pita's motion to dismiss (DN 84), granted the Wyndham Defendants' motion to dismiss (DN 87), and granted the Red Lion Defendants' motion to dismiss (DN 91).  Should facts emerge in discovery that would convert her claims against franchisors from speculation into good-faith allegations, Doe may move for leave to amend and the Court will consider reinstating her claims against one or more of the franchisor Defendants.

Given the need to confer regarding the nature and scope of discovery with respect to the remaining parties, the Court directed all parties to confer and file, no later than May 8, 2026, a status report—preferably joint—advising the Court of the

1

2

status of the non-movant Defendants and any issues that should be resolved before discovery begins.

Copies to:          Counsel of record
                    Ky. Motel Inc.

Court Time:         1 hour
Court Reporter:     Becky Boyd

Benjamin Beaton, District Judge

United States District Court

March 26, 2026

2